## 55331. HODNETT v. CITY OF ATLANTA et al.

WEBB, Judge.

Lieutenant B. G. Hodnett, an officer with the Atlanta Bureau of Police Services, was tried by the Atlanta Police Disciplinary Board for alleged violations of the rules and regulations of the Bureau of Police Services, City of Atlanta. He was found guilty of violating rules 5.11 and 5.20 and filed a petition for certiorari to the superior court, which reversed the finding of violating rule 5.20 but affirmed the finding as to rule 5.11. He appeals this judgment on the grounds that (1) rule 5.11 is unconstitutional on its face; (2) that it is unconstitutional as applied to him; and (3) that the evidence adduced at the hearing before the Police Disciplinary Board was insufficient to support the finding that he violated rule 5.11.[1]

1. Rule 5.11 provides as follows:

"Communication of Information: Members of the Bureau will not communicate any official information, in any way, to any person who is not a member of the Bureau, unless he or she is ordered to do so by his or her Superior Officer."

Hodnett recognizes the right of a government to limit the speech of its employees, but challenges rule 5.11 as being unconstitutionally vague, overbroad and indefinite because "official information" is not defined. We do not agree.

In *Aycock v. Police Committee,* 133 Ga. App. 883, 884-885 (212 SE2d 456) (1975), the appellant argued that

---

[1] On July 18, 1977, the Supreme Court entered an order assuming jurisdiction for appellate review of all "cases in which the constitutionality of any municipal or county ordinance or other legislative enactment is drawn into question." This apparently was not intended to include rules and regulations of the Bureau of Police Services enacted pursuant to the charter of the City of Atlanta, since this appeal was transferred to this court by the Supreme Court after being docketed there initially.

a police regulation under which police officers were "strictly forbidden from criticizing the official acts of their superior officers" was overly broad and violated his right of free speech. This court noted that 'the freedom of expression guarantee under our Constitution has been consistently recognized as being narrower than an unlimited license to talk; and regulatory statutes not intended to control the content of speech but incidentally limiting its unfettered exercise are not regarded as violating the constitutional guarantee when justified by valid governmental interest. Konigsberg v. State Bar of California, 366 U. S. 36 (81 SC 997, 6 LE2d 105). A municipal police department is a para-military organization which is charged with the responsibility of protecting the public. Thus a vital public interest is involved and to satisfactorily perform this duty the employees of a police department must be governed by reasonable rules and regulations which will insure that its public mission is carried on effectively and efficiently... One may certainly criticize and assert charges against one's superiors but if one does so and the remarks are violative of a reasonable rule, one subjects himself to disciplinary actions."

The *Aycock* court determined that the rules involved there were "reasonable and required in order to maintain good order, discipline and efficiency within a police department in order to accomplish its mission of public safety. To say that appellant was denied his freedom of speech by holding the rules in issue to be unconstitutional would enable a policeman to engage in the rankest form of insubordination, which would lead to the complete disruption and destruction of the relationship between the superior and subordinate with the concomitant impairment of an effective municipal police department." Ibid. p. 885.

We think that a prohibition against communicating "official information" to others outside the Police Bureau is equally reasonable in order to maintain discipline and efficiency so as to best accomplish its mission of public safety, and that the rule is not unconstitutional on its face.

2. Nor do we think rule 5.11 is unconstitutional as applied to Hodnett. All of the charges brought against

him arose from a newspaper article in which Hodnett criticized the deputy director of the Police Bureau for improperly interfering with the liquor license section while he (Hodnett) was second in command in that department. The article gave several examples of this interference and attributed Hodnett with providing information as to certain irregularities by Deputy Director Eldrin Bell and Detective J. L. Martin, in particular Martin's failure to report to Hodnett directly in the normal chain of command and reporting instead to Bell directly in regard to tape recordings of conversations between police and a convicted felon named Frank Thornton.

There is no question that the article was based on official information obtained by Hodnett during the course of his employment as a police officer. Hodnett insists, however, that his suspension can be justified only by a specific finding that the statements he made adversely affected his efficiency as a police officer or the efficiency of the department as a police force. The superior court found that the printed statements were "obviously directed at an immediate superior and an individual with whom Lt. Hodnett had a close working relationship, and may therefore be construed as being disruptive of the department's discipline and harmony, despite testimony to the effect that [he] continued to be a capable and highly regarded officer, by his peers."

This is sufficient. Clearly the standard, as established in *Aycock,* is whether the prohibited communication would be detrimental to the effectiveness and efficiency of the *department.* Thus the Supreme Court of the United States reasoned that "it is inherent in the employment relationship as a matter of common sense if not [of] common law that [a Government] employee . . . cannot reasonably assert a right to keep a job while at the same time he inveighs against his superiors in public . . . [Dismissal in such circumstances neither] comes as an unfair surprise [nor] is so unexpected as to chill . . . freedom to engage in appropriate speech . . .' Indeed, the Act is not directed at speech as such, but at employee behavior, including speech, which is detrimental to the efficiency of the employing agency." Arnett v. Kennedy,

416 U. S. 134, 161-162 (94 SC 1633, 40 LE2d 15) (1974); see also Roseman v. Indiana University of Pennsylvania, 520 F2d 1364 (3rd Cir. 1975).

3. Hodnett raises for the first time in this appeal the issue of whether the evidence presented before the Police Disciplinary Board was sufficient to sustain its finding that he violated rule 5.11. Since this issue was not raised in his petition for certiorari nor considered by the trial court, we are without authority to review it now. Code Ann. § 19-402; *Strom v. Bartlett,* 124 Ga. App. 530 (184 SE2d 490) (1971) and cits.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Argued February 7, 1978 — Decided February 24, 1978 — Rehearing denied March 14, 1978 — Cert. applied for.

*Oehlert, Kermish, Labovitz, Marcus, Brazier & Rosenberg, Chester G. Rosenberg,* for appellant.
*W. Roy Mays, III, Ferrin Y. Mathews,* for appellees.