### 33409. GUHL et al. v. M. E. M. CORPORATION.

HALL, Justice.

This appeal concerns the reasonableness of the zoning classification of certain DeKalb County land at the northwest intersection of Redan Road and South Indian Creek Road.

M. E. M. Corporation, a leaseholder in the subject land, sought to have it rezoned from R-75 (single family residential) to C-1 (commercial). The DeKalb County Board of Commissioners denied the rezoning. M. E. M. Corporation then brought an action in superior court for a judgment declaring the subject zoning unconstitutional and requiring rezoning. After extensive testimony had been presented on both sides, the issue of the reasonableness of the R-75 zoning was submitted to the jury, who were unable to reach an agreement. M. E. M. Corporation's subsequent motion for judgment striking the zoning notwithstanding the mistrial was granted on June 28, 1977. The county's new trial motion was denied, and it brings this appeal.

The issue is whether the trial court's grant of judgment notwithstanding the mistrial to M. E. M. Corporation was error for the reason that there was a conflict in the evidence concerning the reasonableness of the R-75 zoning, requiring a jury verdict to decide this material question of fact. See, e.g. *Williams v. Swint,* 239 Ga. 66 (236 SE2d 489) (1977).

On this appeal, M. E. M. Corporation argues in support of the trial court's action that there was no testimony whatsoever at the trial that the present zoning was proper and that all witnesses testified that it should be changed. We cannot agree with this assertion. Whether or not there was any burden on the county to show reasonableness, our reading of the transcript shows that witnesses Coleman (DeKalb County Zoning Analyst), Bragdon (Professor of City Planning and

president of a local civic association) and Nelson (Planning Director, DeKalb) all testified to the reasonableness of the present zoning. There was other testimony that the present zoning did not allow reasonable use of the land, making a fact issue for the jury. Accordingly, the grant of judgment notwithstanding the mistrial for M. E. M. Corporation was error. *Williams v. Swint,* supra. The county is entitled to a new trial on the issue of reasonableness.

When the "reasonableness" of zoning classification is questioned, it is a special kind of "reasonableness" —constitutional reasonableness — that must be decided. We do not ask whether another zoning classification might be more logically and economically "reasonable" or desirable on all the facts than the one attacked, because that is not the question. We ask whether the plaintiff has carried the burden of showing that the zoning under attack is so detrimental to him, and so insubstantially related to the public health, safety, morality and welfare, as to amount to an unconstitutional "taking," that is, an arbitrary confiscation of his property without compensation by the governing authority. *Barrett v. Hamby,* 235 Ga. 262, 265-266 (219 SE2d 399) (1975). The inquires outlined in *Guhl v. Holcomb Bridge Road Corp.,* 238 Ga. 322, 323-324 (232 SE2d 830) (1977) are relevant in determining constitutional reasonableness.

Contrary to M. E. M. Corporation's assertion, it is not determinative that the county's witnesses testified that the present zoning was not the "most advantageous" one for the property. Similarly, it is not determinative (and it might even be wholly irrelevant) that the county has moved of its own volition to grant the landowner a more permissive zoning classification. The evidence introduced by M. E. M. Corporation at trial did not demand a finding that the zoning attacked was so arbitrary and without justification as to be unconstitutional and void, which is the heavy burden plaintiff must carry in an attack on zoning.

With respect to the new trial ordered herein, the apportionment of decision-making duties between the judge and the jury will be governed by *Guhl v. Davis,* 242 Ga. 356 (1978).

The subsequent order of the trial court dated January 5, 1978, denying the county's new trial motion and declaring the property free from all zoning classifications for failure of the county to rezone the land within 45 days, is necessarily erroneous because based on the June 28, 1977 judgment, and must be vacated.

*Judgment of June 28, 1977 reversed; judgment of January 5, 1978 vacated; new trial ordered. All the Justices concur.*

ARGUED APRIL 10, 1978 — DECIDED OCTOBER 4, 1978.

*Wendell K. Willard,* for appellants.

*Dillard & Shearer, Carl E. Westmoreland, Jr., G. Douglas Dillard,* for appellee.

*George P. Dillard, Gail C. Flake,* amicus curiae.