## 34737. DeKALB COUNTY v. FLYNN.

HALL, Justice.

This is a zoning case in which the subject land is 11.2 acres lying near the intersection of Memorial Drive and Hambrick Road, in DeKalb County. The land has frontage on Hambrick, a two-lane road. It is separated from Memorial Drive, a seven-lane traffic artery, by land zoned commercial (C-1) on which there is a large restaurant-tavern. (This adjacent land is also owned by Mr. Flynn, owner of the subject land.) Directly across Memorial Drive there is a very large shopping center.

The restaurant has been standing on the adjacent land since 1948, though Flynn bought it in 1960. In 1969 he bought the subject land on which nothing stands except scrub trees and one residence. The explosion of commercial uses in the area occurred mainly in the last five to ten years. The subject land adjoins on its other side a quiet residential area of homes valued at $50,000 to $70,000. Approximately 12 of those homes back up directly to the subject land.

In past years Flynn had twice attempted to secure a change in the subject land's R-85 (single family residential) zoning. These attempts were unsuccessful. Then in 1977 he was offered approximately $275,000 for the land by a company which hoped to place an office-warehouse structure on it. This would require OD zoning (office and distribution).

In his third attempt to get the subject land's zoning changed, Mr. Flynn applied for the OD zoning, which was denied. Subsequently, the DeKalb Superior Court declared the R-85 zoning unconstitutional as a taking of Flynn's land. The trial court ordered the County Board of Commissioners to rezone the land constitutionally or have zoning removed from the land. Despite the fact that the trial judge wrote in his April 20, 1978 order that "the subject property is patently unsuited for single family

residential use," nonetheless the Commissioners merely gave it another low density single family residential use - RA8 - which allows up to eight dwelling units per acre. These dwelling units could be detached houses, condominiums, or apartments. Flynn moved to have the land declared free of all zoning and another hearing was held to determine the constitutionality of the RA8 zoning. The trial court found the zoning unconstitutional for basically the same reasons as the R-85 zoning, and declared the land free of all present or future zoning restrictions. This is the county's appeal. At some point during these proceedings the warehouse offer was withdrawn and Flynn lost his potential sale.

The Board's zoning enjoys an initial presumption of validity, which the property owner must overcome by showing that the zoning is significantly detrimental to him and insubstantially related to governing public interests. This property owner, Flynn, has carried that burden. The burden then shifts to the county to justify the zoning under our tests.

The heart of this appeal is that the county contends that if "any evidence" supports the zoning by the governmental authority, the courts must affirm it. This has not been the law since at least 1975. In *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) we carefully outlined that the "substantial relation to public health, safety, morality or general welfare" which the governing body must show to justify its zoning once the landowner has made out his case, must be shown by "clearly more than 'any' evidence." *Barrett v. Hamby,* supra, 235 Ga. at 265 and note 1. In *Guhl v. Davis,* 242 Ga. 356 (249 SE2d 43) (1978) we reiterated that *Barrett v. Hamby* involves a balancing test. See also *Guhl v. Pinkard,* 243 Ga. 129 (252 SE2d 612) (1979); *Guhl v. M. E. M. Corp.,* 242 Ga. 354, 355 (249 SE2d 42) (1978).

Flynn adequately showed the loss to him occasioned by the R-85 and RA8 zoning. The burden then shifted to the county to justify the zoning.

The county's evidence in this case falls short of carrying its burden. The trial court was correct that the only "safety" factor raised by the county dealt with increased truck traffic down Hambrick Road which might

be caused by a commercial or warehouse development, and which could endanger children walking to a nearby school. The court correctly noted that the county has the power to control traffic as it thinks necessary and that Flynn, as the owner of the tavern property as well as the subject property, could perhaps provide the subject property with access from Memorial Drive across the tavern's land, thus diminishing the use of Hambrick. We add that the county has the duty and obligation to work with property owners to allow them the highest and best use of their property, by considering on its own motion ways in which the county's objections to a proposed development could be eased by county action. Contrary to DeKalb County's position throughout this litigation, the burden is not on the applicant for rezoning to anticipate and counter every conceivable objection which the county might raise.

The county asserts that the trial court did not correctly weigh the "damage done to the community" by the proposed use. Throughout the hearings the county offered evidence of the percentage of diminution in market value of homes which would be affected by the proposed use, multiplied by the number of homes so affected, and urged the resulting figure as "damage to the community." The trial court correctly rejected this contention, noting that the county's evidence was but one factor to be considered. Presently, these 12 homes back up to wooded, vacant land. Many prospective homeowners would consider this to be ideal, and conceivably *any* development on the subject land would diminish the home values by destroying this wooded view and rustic feeling. But this is not necessarily to say that such a development would "damage" the community at all in the sense intended by our cases.

Considering the intensive commercial uses adjacent to the property and along Memorial Drive including a boisterous tavern bordering the subject property, the expert testimony as to values, the low and marshy terrain and narrow configuration of the subject property, the absence of large trees to buffer the subject land from the tavern, the fact that no condominium project within DeKalb County was shown to be a currently viable

economic project and the fact that there were not shown to have been any new apartment developments within this area within the last three to five years, and the testimony concerning impact on neighboring property, we conclude that the trial judge did not err in concluding that the property was unsuited for the R-85 and RA8 zoning.

Our final question is whether the trial court erred in enjoining the county from any future attempt to enforce any zoning on this land. In support of its action the court cited *Guhl v. Holcomb Bridge Road Corp.*, 238 Ga. 322 (232 SE2d 830) (1977) and *City of Atlanta v. McLennan*, 237 Ga. 25 (226 SE2d 732) (1976). We are aware that were this part of the superior court's order to be upheld, the ones to suffer would be the neighboring residential property owners who are innocent parties here. Accordingly, we will remand to the superior court with direction to allow the county one additional effort within a reasonable time to zone the subject land constitutionally.

The remaining enumerations of error are without merit.

The order of April 20, 1978 is affirmed in its entirety. The order of November 27, 1978 is affirmed insofar as it strikes down the RA8 zoning, but is vacated in its further action of removing all zoning from the land.

*Judgment affirmed in part, vacated in part, and remanded with direction. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Hill, Bowles and Marshall, JJ., who would affirm both orders of the trial court.*

ARGUED APRIL 9, 1979 — DECIDED MAY 30, 1979.

*George P. Dillard, Gail C. Flake*, for appellant.
*Zachary & Segraves, William E. Zachary, Jr., Kenneth W. Carpenter*, for appellee.