## 36294. KOPPAR CORPORATION v. GRISWELL et al.

BOWLES, Justice.

The Koppar Corporation is the owner of certain undeveloped land in Clayton County. It sought to change the zoning classification of the land from R-1B (larger residential lots) to R-1C (smaller residential lots). The Clayton County Board of Commissioners unanimously denied the application to rezone. Koppar then brought suit alleging the R-1B zoning to be unconstitutional and that the decision not to rezone was arbitrary and unreasonable. We conclude that Koppar has failed in its burden of proof and therefore affirm the trial court's judgment against it.

"A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the person seeking to change the zoning to show the invalidity of the ordinance. *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977). The acts of the governing body of a municipality exercising zoning power will not be disturbed by the courts unless they are clearly arbitrary and unreasonable. *Matthews v. Fayette County,* 233 Ga. 220, 225 (210 SE2d 758) (1974). It is not sufficient to show that a more profitable use could be made of the property. *Humthlett v. Reeves,* 212 Ga. 8, 15 (90 SE2d 14) (1955);

*Guhl v. Par-3 Golf Club, Inc.,* 238 Ga. 43 (231 SE2d 55) (1976)." *Avera v. City of Brunswick,* 242 Ga. 73, 75 (247 SE2d 868) (1978).

In the case at bar, the trial court found as a fact that "there is no evidence that either zoning classification has any bearing on the health, safety, morals, or general welfare of the public." That finding does not mean that no evidence *exists* that the R-1B classification is not substantially related to these factors as required under *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975). Such evidence just was not presented at trial nor need it have been presented. The fact is presumed. Only after the individual attacking the zoning classification presents "clear and convincing evidence" that there is no substantial relationship between the classification and the public health, safety, morals, or general welfare, does the county need to present further evidence justifying the zoning.

The land in this case is undeveloped land surrounded by undeveloped land. There is no evidence that the land has been arbitrarily zoned or that it is not in accordance with some plan that the board of commissioners may have for this area. Clearly Koppar is not being deprived of any reasonable use of its property since it is already developing the land in accordance with the R-1B classification pending final resolution of this case. It is simply being deprived of a more profitable use (75 lots vs. 93 lots) and, as stated above, that is not enough to declare the zoning unconstitutional.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 4, 1980 — DECIDED OCTOBER 8, 1980.

*Donald O. Nelson,* for appellant.
*Robert Mark Mahler, George E. Glaze,* for appellees.