## 37975. FLOURNOY et al. v. CITY OF BRUNSWICK.

JORDAN, Chief Justice.

This appeal concerns the reasonableness of a Brunswick zoning classification.

The petitioners in this case are the owners of a house and double lot at 2903 Kemble Avenue in Brunswick, Georgia. This property was purchased in August, 1978, for the fair market value of property in an area zoned for limited medical uses, though, at the time of purchase, this property was zoned R-9 for residential use, a fact of which the petitioners were aware.

In April, 1980, the appellants petitioned the City to rezone their property to limited medical use, and on May 6, 1980, a hearing on this petition was held before Brunswick-Glynn County Joint Planning Commission. After the hearing, the Joint Planning Commission voted to recommend approval of the application subject to certain buffer requirements being met. On June 18, 1980, the City Commission received and rejected the recommendations of the Joint Planning Commission. On appeal the Glynn County Superior Court affirmed the City Commission's ruling, and appellants appeal.

The evidence shows that the property in question is approximately one block southwest of the Glynn-Brunswick Memorial Hospital and one block north of an industrial property. The lot to the rear of appellant's property is zoned residential, as is property across the street. The appellant's real estate appraiser stated the value of the appellant's property for residential use is between $37,000 to $38,000, while its value for limited medical purposes is $59,000.

A local governmental body enjoys an initial presumption that its zoning decisions are valid. *DeKalb County v. Flynn,* 243 Ga. 679, 680 (256 SE2d 362) (1979). However, this presumption may be overcome by the plaintiff showing, with clear and convincing evidence, that the zoning is significantly detrimental to him and is insubstantially related to the public health, safety, morality, and welfare. *DeKalb County v. Flynn,* supra; *Guhl v. M. E. M. Corp.,* 242 Ga. 354, 355 (249 SE2d 42) (1978). If the property owner carries this burden then the city must come forward with evidence justifying the zoning, i.e., it must show the zoning is reasonably related to the public health, safety, morality, or general welfare. *DeKalb County v. Flynn,* supra, p. 680; *Koppar Corp. v. Griswell,* 246 Ga. 539, 540 (272 SE2d 272) (1980).

In this case, only the appellants have offered any evidence. Consequently, a determination must first be made of whether the appellants have met their burden of showing a significant loss and an

insubstantial public benefit. *DeKalb County v. Flynn,* supra, p. 680; *Koppar Corp. v. Griswell,* supra, p. 540. In making this determination certain factors are relevant and are set forth in *Guhl v. M. E. M. Corp.,* supra, p. 355; and *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322, 323-24 (232 SE2d 830) (1977).

The evidence indicates the highest and best use of the subject property, i.e., the most profitable use, is for limited medical purposes. However, that the subject property would be more valuable if rezoned is not enough upon which to declare the zoning unconstitutional. *DeKalb County v. Chamblee Dunwoody Hotel,* 248 Ga. 186 (281 SE2d 525) (1981); *Koppar Corp. v. Griswell,* supra, p. 540. In addition, the appellant's expert admitted the property has substantial value as a residence. Another factor is whether the existing zoning is causing a diminution in value of the subject property as compared to property similarly zoned; however, no evidence was offered on this point.

In regard to the public benefit, the appellants did not show by clear and convincing evidence that the current zoning has an insubstantial relationship to the governing public benefits. Indeed, the appellant's own appraiser admitted that the rezoning would have an adverse impact upon property values in the neighborhood. However, in relation to the aesthetics of the neighborhood the appellants have made a fairly strong argument. They argue that all the houses that could be protected by the residential zoning and impacted by their rezoning are already affected by (1) the defendant spot-zoning property in the same area as limited medical, by (2) the County Hospital, and by (3) the industrial zoning and use by Hercules Powder Plant of the property immediately behind the affected area. Conversely, this argument supports the appellee's position as well as the appellant's position.

The fact that there already exist several encroachments into this neighborhood is good reason for the city commission to watch and regulate this neighborhood carefully in order to preserve its integrity. The local government has drawn the line as to these encroachments, and the appellants have not demonstrated by clear and convincing evidence that the denial of their zoning request was so unreasonable as to constitute an unconstitutional taking of their property.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1981.

*Douglass & Young, Orion L. Douglass,* for appellants.

*Eugene Highsmith,* for appellee.