38052. GOUGE et al. v. CITY OF SNELLVILLE et al.

JORDAN, Chief Justice.

This case concerns the constitutionality of a Snellville zoning ordinance which provides that "structures shall be permitted only in rear yards. . . ." A structure is defined as "anything constructed or erected on the ground or attached to something on the ground." The appellant-landowner was enjoined from maintaining in his front yard a satellite television antenna used for personal and business purposes. He sells these antennas out of his home under a valid business license from the City.

The satellite antenna in question was erected in Mr. Gouge's front yard. The antenna is approximately 12 feet wide by 12 feet high and is secured to the ground at four locations by a concrete base and angle iron supports. The antenna was constructed with a redwood frame covered by an aluminum wire mesh. Mr. Gouge states that the antenna was designed to receive broadcast transmissions from a certain satellite, and that the only place on his property reception was possible was his front yard due to the topography of his lot and the necessity of a direct, unobstructed line of sight to the satellite.

The City of Snellville wrote a letter demanding removal of the antenna, and Mr. Gouge brought suit. The City prevailed, obtaining a declaratory judgment granting a temporary and permanent injunction enforcing Article III and Article IV § 600 of the Snellville Zoning Ordinance against Mr. Gouge, thereby restraining him from

maintaining the antenna in his front yard.

Mr. Gouge appeals alleging that the ordinance on its face and as applied violates several provisions of the United States Constitution. In addition, he alleges that his motion for a new trial was improperly denied.

1. Mr. Gouge first contends that the trial court's order violates his rights of free speech and communication guaranteed by the I and XIV Amendments to the United States Constitution, by the Federal Communications Commission Order no. 78-379, and by Communications Act of 1934 § 4(i), 4(j). The appellant argues that he has a right to free access to the public information transmitted from the satellite, and that the forced removal of his antenna deprives him of his right.

The City is not regulating the content of this medium or whether Mr. Gouge may receive this medium; instead, it is regulating the noncommunicative aspect of the medium, i.e., where Mr. Gouge must set up his satellite antenna.

"Because regulation of the noncommunicative aspects of a medium often impinges to some degree on the communicative aspects, it has been necessary for the courts to reconcile the government's regulatory interests with the individual's right to expression." Metromedia, Inc. v. San Diego, —— U. S. ——(101 SC 2882, 69 LE2d 800, 811) (1981). See also, *Hodnett v. City of Atlanta,* 145 Ga. App. 285 (243 SE2d 605) (1978).

It has been stated that "where government aims at the noncommunicative impact of an act, the correct result in any particular case thus reflects some 'balancing' of the interests; regulatory choices aimed at harms not caused by ideas or information as such are acceptable so long as they do not *unduly* constrict the flow of information and ideas." Tribe, American Constitutional Law, Ch. 12, § 2, p. 581-82 (1978).

As the City is not attempting to control the dissemination or reception of ideas or information, the primary concern of First Amendment protection, the court needs to inquire into whether the City has a rational justification for this ordinance and into the extent of the ordinance's impingement on Mr. Gouge's First Amendment rights. The City bases its justification of the ordinance on the advancement of the city's aesthetic interests. This justification is reasonable and proper. Metromedia, Inc. v. San Diego, supra, 69 LE2d 800, 815; *H & H Operations v. City of Peachtree City,* 248 Ga. 500 (1) (283 SE2d 867) (1981). Also, the impingement on Mr. Gouge's First Amendment rights is minor. The ordinance permits him to place the satellite antenna in his backyard; an act which Mr. Gouge's expert admitted could be done with slightly greater expense and

inconvenience. Due to the City's rational justification for its ordinance and to Mr. Gouge's effective alternative for receiving this information, we find no abridgment of Mr. Gouge's First Amendment rights.

2. Mr. Gouge additionally contends that the enforcement of the ordinance in question will amount to an arbitrary and confiscatory taking of his property as the antenna must be located in the front yard to be of use to him. In attempting to show that a governmental body's zoning decision is invalid as an unconstitutional taking of property the complainant must initially show by clear and convincing evidence that the zoning is significantly detrimental to him and insubstantially related to the public health, safety, morality, or welfare. *DeKalb County v. Flynn,* 243 Ga. 679, 680 (256 SE2d 362) (1979); *Guhl v. M. E. M. Corp.,* 242 Ga. 354, 355 (249 SE2d 42) (1978); *Flournoy v. City of Brunswick,* 248 Ga. 573 (285 SE2d 16) (1981). Mr. Gouge's contentions fail as he has not shown that the zoning is significantly detrimental to him. He states that the antenna will be useless to him if he is forced to remove it from the front yard; however, his own expert testified that the antenna would receive the signals in the backyard. The added expense and inconvenience is not enough upon which to declare the ordinance unconstitutional as an arbitrary and unreasonable exercise of the police power. See, *Koppar Corp. v. Griswell,* 246 Ga. 539, 540 (272 SE2d 272) (1980); *Flournoy v. City of Brunswick,* supra, p. 574 (1981); *City of Smyrna v. Parks,* 240 Ga. 699, 703 (242 SE2d 73) (1978).

3. Mr. Gouge next makes two due process arguments: (1) he alleges the ordinance in question is unconstitutionally vague and indefinite, and (2) he alleges that it was a violation of due process for him to have had to seek injunctive relief in order to obtain a hearing on whether his antenna was to be removed. He insists that the city should have granted him a hearing before ordering him to remove the antenna.

We first address Mr. Gouge's vagueness challenge. As a matter of due process, a law is void on its face if it is so vague that persons of "common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Const. Co., 269 U. S. 385, 391 (46 SC 126, 70 LE 322) (1926); Broadrick v. Oklahoma, 413 U. S. 601, 607 (93 SC 2908, 37 LE2d 830) (1973).

In this case, even if the outermost boundaries of the applicable section of the ordinance may be imprecise in certain situations (i.e., does the ordinance apply to bird baths or basketball goals), we need not make that determination as Mr. Gouge's conduct clearly falls within the "hardcore" of the ordinance's prescriptions, and one to whose conduct a statute clearly applies may not challenge it on the

basis that it may be unconstitutionally vague when applied to others. See, Broadrick v. Oklahoma, supra, p. 608, 610; United States v. Raines, 362 U. S. 17, 21 (80 SC 519, 4 LE2d 524) (1960); Tribe, American Constitutional Law, Ch. 12, § 29, p. 721 (1978); State v. Raybon, 242 Ga. 858, 862 (252 SE2d 417) (1979).

Mr. Gouge's satellite antenna, which stands 12 feet high by 12 feet wide and covers a surface area of 144 square feet, unquestionably qualifies as a "structure" — it was "constructed" and is attached to the ground by concrete and angle iron supports. The ordinance provides that such structures are permitted only in backyards. We believe that a person of "common intelligence" would not have to guess that such an antenna constitutes a "structure" within the meaning of the Snellville ordinance. Consequently, this due process claim is without merit.

Mr. Gouge's second due process argument is also without merit. The Snellville ordinance provides that those wishing to build a "structure" must apply for a building permit. Snellville Zoning Ordinance Article XVI, § 1601 (1970). Mr. Gouge did not do so. The ordinance also provides that those who are denied permits may appeal to and have a hearing before the Zoning Board of Appeals. Snellville Zoning Ordinance, Art. XVII, § 1705. The ordinance was clear enough to give notice to Mr. Gouge that he should have applied for a permit. If in so doing his request had been denied, he could have had a hearing before the Zoning Board before he brought his action for injunctive relief. The second due process claim is without merit for this reason and for the reason that he has in fact had a hearing in open court on the issue of the removal of his antenna. It is also significant to Mr. Gouge's first due process claim that the City has provided the above procedure whereby people in doubt of whether what they are desiring to build constitutes a "structure" may remove any doubt as to the question by seeking the building permit. See, U. S. Civil Svc. Comm. v. Nat. Assoc. of Letter Carriers, 413 U. S. 548, 580 (93 SC 2880, 37 LE2d 796) (1973) and Broadrick v. Oklahoma, supra, p. 608, fn. 7.

4. Mr. Gouge also contends that the ordinance as applied violates his rights to equal protection. He contends that other residents of Snellville have "structures" in their front yards that violate the ordinance, and that consequently, the law is being unequally applied to him.

Zoning ordinances must be enforced in a reasonable and nondiscriminatory manner in order to satisfy equal protection requirements, and whether they are so uniformly enforced is a question of fact. Matthews v. Fayette County, 233 Ga. 220, 226 (210 SE2d 758) (1974); City of Smyrna v. Parks, 240 Ga. 699, 706, supra.

We agree with the trial court that Mr. Gouge has failed to prove an equal protection violation.

Mr. Gouge's evidence on this issue consists of about fifty pictures of what he alleges are various other "structures" located in front yards across the city. These pictures consist of such items as fences, basketball goals, bird baths, and conventional television antennas to name a few. However, the Snellville ordinance, enacted in 1972, contains a "grandfather clause" allowing for pre-existing nonconforming uses, and it allows for the grant of variances in certain situations. Snellville Zoning Ordinance, Article VIII, § 800 and Article XVII, § 1705.

Mr. Gouge failed to show (1) whether any of the "structures" he offered into evidence were erected after the effective date of the ordinance or were erected without a variance, and (2) whether the city knew of these allegedly illegal structures. Without this showing, a determination of whether the ordinance is being discriminatorily enforced cannot be made as some of these structures may legally be located in the front yard and as the mere existence of a similar improper use does not establish discriminatory enforcement since a zoning board cannot reasonably be expected to know of all violations. See *Cobb County v. Peavy,* 248 Ga. 870 (286 SE2d 732) (1982).

In addition, even if the city was aware of some of these structures some selectivity of enforcement is constitutionally permissible. Oyler v. Boles, 368 U. S. 448 (82 SC 501, 7 LE2d 446) (1962).

We conclude that by his extrinsic evidence Mr. Gouge has failed to prove a discriminatory design on the part of the City to favor other individuals over himself. See, Snowden v. Hughes, 321 U. S. 1, 8 (64 SC 397, 88 LE 497) (1943).

5. Finally, Mr. Gouge contends that the trial court erred in denying his request for a new trial on the basis of newly discovered evidence. We disagree.

There is no transcript of the hearing on this motion. However, it is clear from written pleadings of the appellant that he failed to comply with the standards for granting such a motion. See *Bell v. State,* 227 Ga. 800 (183 SE2d 357) (1971) and *Clements v. Clements,* 247 Ga. 787 (279 SE2d 698) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1982.

*Ted B. Herbert,* for appellants.
*J. L. Edmondson,* for appellees.