39343. COBB COUNTY et al. v. SHAPIRO.

GREGORY, Justice.

The plaintiff in this case is the owner of a 74-acre tract of land located at the northwest intersection of Interstate Highway 575 and Bell's Ferry Road in Cobb County. The tract is currently zoned R-20, low density, single-family residential. In May 1981 plaintiff filed an application with the Cobb County Board of Commissioners to rezone the tract. In support of this application plaintiff submitted a plan proposing that the 25.5 acres immediately adjacent to the access ramp[1] connecting Bell's Ferry and I-575 be rezoned general commercial;[2] that 14.7 acres to the west and northwest of the

---

[1] It is not clear from the record whether this property is located on an entrance or an exit ramp connecting Bell's Ferry Road to Interstate 575.

[2] The record indicates plaintiff intends to build a shopping center "the size of Merchant's Walk or Parkaire Mall" on this tract if his request for rezoning is granted.

proposed general commercial tract be rezoned office and institutional; and that the remaining 33.7-acre tract be rezoned RA-4, a higher density single-family residential classification than R-20. The area proposed to be rezoned RA-4 borders tracts currently zoned R-20. The Board of Commissioners unanimously denied plaintiff's application. Plaintiff appealed to the Cobb Superior Court. Following an evidentiary hearing the trial court entered an order making extensive findings of fact and determining that "the portion of the [plaintiff's] property fronting on the [I-575] interchange ramp and on Bell's Ferry Road is not suitable for . . . residential development." The trial court found that "the highest and best use of the property is not as presently zoned." The trial court concluded that the R-20 zoning classification amounted to an unconstitutional taking of the plaintiff's property and ordered the Board of Commissioners to rezone the entire tract in a constitutional manner.

The evidence at the hearing showed that in 1972 plaintiff purchased the subject property in addition to an adjacent tract of approximately 27 acres. At that time the property was zoned R-20. In June 1977 the Department of Transportation condemned 27.45 acres of plaintiff's property to facilitate the construction of Interstate 575. Sometime prior to plaintiff's application for rezoning in this case, Interstate 575 was opened to traffic.

The evidence before the trial court showed that plaintiff's tract would be worth $375,000 as currently zoned if a market could be found for residences in the area along the access ramp; it would be worth $1,070,000 if rezoned according to his request.

One of the plaintiff's experts testified that he had performed a study of current uses of property bordering the 115 interchanges[3] located in a seven county area[4] surrounding Atlanta. The expert testified that in no instance had any of these interchanges remained zoned single-family residential after the interchange had been constructed.[5] He testified that 104 of the 115 interchanges in his study have been commercially developed on at least one quadrant. He pointed out that in addition to the interchange on which plaintiff's property is located, there are 16 interchanges in Cobb County, all of which have at least one quadrant zoned for commercial

---

[3] This expert defined an interchange as an intersection where entry and exit are available onto an interstate highway.

[4] Fulton, DeKalb, Cobb, Gwinnett, Clayton, Douglas and Rockdale Counties.

[5] He acknowledged that there are residential communities located at the intersections of I-75 with Moore's Mill Road and Mt. Paran Road in Fulton County, but stated that these developments were there before this interstate was built.

development. A number of real estate developers testified that while it would be "possible" to construct residences on that portion of plaintiff's property fronting the access ramp, residences would be "impossible" to market.

The County Planner testified that plaintiff's property was zoned "low density residential" in accordance with the Land Use Plan adopted in 1977.[6] When asked whether he considered the plaintiff's tract "suitable for what it's presently zoned," the planner responded, "I guess my answer would be 'no.' But to qualify that, parts of it would be suitable and parts of it would possibly not be suitable."

The sole county commissioner who testified at the hearing admitted that there was a great deal of political pressure exerted on the Board of Commissioners by the Bell's Ferry Civic Association, which he believed "had some bearing on the outcome of [the Board's vote.]" The commissioner also testified, "the interstate highway system that came through, in my opinion, has a great bit of bearing on that particular interchange because of the ingress and egress of the interstate itself. I think a precedent has been set in that I don't know of any areas where an interstate has gone through that would make it attractive for single family residences, and I wouldn't think that this would be any exception at all." He further stated his opinion that the plaintiff's plan for rezoning "makes good planning sense."

" 'A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence.' " *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322, 323 (232 SE2d 830) (1977); *Koppar Corp. v. Griswell,* 246 Ga. 539 (272 SE2d 272) (1980). We find that the plaintiff has met his burden of demonstrating the invalidity of the zoning classification as to his tract. The county has attempted to justify its denial of the application to rezone on the basis that the public safety and general welfare will suffer from the increase in traffic on Bell's Ferry Road generated by commercial development. However, the trial court found, and the record supports a finding that the proposed zoning will not increase the traffic volume on Bell's Ferry Road to significantly more than that which existed prior to the opening of I-575. Nor does the evidence support a finding that the proposed development will strain other county resources. We agree with the trial court that the county has failed to establish that plaintiff's

---

[6] At this time the Department of Transportation was acquiring property for the construction of I-575 in Cobb County.

proposed rezoning will work a substantial hardship on the public.[7]

In reaching this conclusion we have examined each of the guidelines set out in *Guhl v. Holcomb Bridge Rd. Corp.*, supra, for testing the constitutionality of a zoning classification and have applied them to the facts of this case. While, as the trial court found, the properties surrounding plaintiff's tract are zoned R-20, the land directly adjacent to plaintiff's has been transformed into an access ramp to an interstate highway, making that portion of the tract fronting the ramp highly unsuitable for residential development. The county's evidence is clearly insufficient to justify its contention that the current zoning classification of plaintiff's property promotes the health, safety, morals or general welfare of the public. We reiterate that both the county planner and a county commissioner testified that the portion of plaintiff's property adjacent to the access ramp was ill-suited to its present zoning classification.

The trial court did not err in declaring the zoning classification of plaintiff's property to be unconstitutional and in ordering the Board of Commissioners to rezone it in a constitutional manner.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 1983.

*Sams, Glover & Gentry, Garvis L. Sams, Jr.,* for appellants.
*Arthur L. Crowe, Jr.,* for appellee.

---

[7] As pointed out in *DeKalb County v. Flynn*, 243 Ga. 679, 680 (256 SE2d 362) (1979), the zoning authority "enjoys an initial presumption of validity, which the property owner must overcome by showing that the zoning is significantly detrimental to him and insubstantially related to governing public interests . . . The burden then shifts to the county to justify the zoning under our tests."