39971. DeKALB COUNTY v. GRAHAM et al.

MARSHALL, Presiding Justice.

The appellees-plaintiffs, Graham and Drown, are two owners of contiguous tracts of land in DeKalb County. The DeKalb Superior Court has struck down the zoning of their properties as unconstitutional. The appellant-defendant, DeKalb County, appeals. These are the facts:

The Graham tract is approximately two acres, contains a house and lot, and fronts Briarcliff Road. The Drown tract is approximately five and one-half acres, is located behind the Graham tract, does not front Briarcliff Road, but adjoins a house in which the Grahams reside which is located on a side street named Brookforest Drive. The Drown property is an extremely irregular-shaped lot characterized by very steep topography and traversed by a ravine and creek.

Graham, who is a real estate developer, purchased his tract for $88,000 in 1980 in order to provide Briarcliff-Road access to the Drown property and develop condominiums on both tracts. Graham and Drown have entered into a contract for Graham to purchase the Drown tract, which contract is contingent on Graham's having the property zoned R-A8. Mr. Down purchased the five-and-one-half-acre tract for $33,000 in 1966 in order to maintain the residential character of the neighborhood.

As of 1980, both tracts were zoned single-family residential (R-85). Graham and Drown filed an application with the county zoning authorities to rezone these properties to a multi-family/condominium zoning classification allowing a maximum of eight residential units per acre (R-A8). Because of the unusually steep topography of the property, they also sought variances allowing: construction of a driveway within the 20-foot side yard required by the county zoning ordinance; construction of 10 units

per building, rather than the maximum of eight units per building allowed under the county ordinance; and grading within the 20-foot undisturbed buffer zone required by the county ordinance. The planning department recommended denial of the application, because so much of the property is not subject to being developed that it would not permit that high a density development; concern was also expressed over the fact that the property has only limited access to a major thoroughfare, i.e., Briarcliff Road, which is already overcongested. The county commission denied the application.

Graham and Drown then filed the present complaint in superior court, seeking a declaration that the single-family residential zoning of the property is unconstitutional. After conducting a bench hearing in May of 1982, the superior court ruled in favor of the property owners, and the matter was remanded to the county to rezone the property in a constitutional manner. See *City of Atlanta v. McLennan,* 237 Ga. 25 (226 SE2d 732) (1976).

At this juncture, the property owners had pending an application to rezone the properties to R-A8, with variances authorizing five buildings to contain 10 rather than eight units and also authorizing construction of a street within the 20-foot buffer zone. The planning department recommended that the R-A8 zoning be denied, because this would be too dense a development for the property; however, the planning department recommended that multi-family/condominium zoning allowing a maximum of five units per acre (R-A5) be allowed, because this would permit almost twice the density of the current zoning while maintaining the majority of standards for attached single-family development. Also recommended were the following conditions: undisturbed buffers, Briarcliff-Road access, 150% storm-water retention, no exposed concrete block on any structures, and minimum parking in enclosed garages or under the residential structures. The county commission accepted the recommendation of the planning department, and the properties were zoned R-A5 conditional.

Being dissatisfied with this rezoning, the property owners invoked another bench hearing, which was held in September of 1982. At this hearing, the property owners presented evidence to show that the property could not be developed profitably under the R-A5 conditional zoning. The appraiser for the county testified that the subject properties were worth $20,000 per acre zoned R-A5, and that the conditions imposed were similar to other condominium properties and would have no major impact on property valuation; whereas, the R-A8 zoning of the property would reduce the value of all of the abutting single-family residential properties by approximately $74,000. The trial judge was particularly concerned

with the fact that other properties in the vicinity had been zoned for other than single-family residential use, including a tract of land across the street, on which is situated an apartment complex. The county responded that there are distinctions between these other lots and the subject properties, in that the subject properties are surrounded by 30 other single-family residences, whereas the other lots are not; in addition, the steep topography of the subject property makes it more ill-suited to high-density development. *Held:*

After reviewing the record, we conclude that under the criteria set out in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and embellished upon in *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977), the trial judge erred in declaring the R-A5 conditional zoning to be unconstitutional.

"A local governmental body enjoys an initial presumption that its zoning decisions are valid. *DeKalb County v. Flynn,* 243 Ga. 679, 680 (256 SE2d 362) (1979). However, this presumption may be overcome by the plaintiff showing, with clear and convincing evidence, that the zoning is significantly detrimental to him and is insubstantially related to the public health, safety, morality, and welfare. *DeKalb County v. Flynn,* supra; *Guhl v. M.E.M. Corp.,* 242 Ga. 354, 355 (249 SE2d 42) (1978). If the property owner carries this burden then the city must come forward with evidence justifying the zoning, i.e., it must show the zoning is reasonably related to the public health, safety, morality, or general welfare. *DeKalb County v. Flynn,* supra, p. 680; *Koppar Corp. v. Griswell,* 246 Ga. 539, 540 (272 SE2d 272) (1980)." *Flournoy v. City of Brunswick,* 248 Ga. 573 (285 SE2d 16) (1981). "[O]ur focus is not upon whether there was evidence to support the trial court's decision but upon whether there was evidence to support the county's decision. See *City of Atlanta v. Wansley Moving &c. Co.,* 245 Ga. 794, 797 (267 SE2d 234) (1980). As was said in Euclid v. Ambler Realty Co., 272 U. S. 365, 388 (47 SC 114, 71 LE 303) (1926): 'If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.' " *DeKalb County v. Chamblee Dunwoody Hotel Partnership,* 248 Ga. 186, 190 (281 SE2d 525) (1981). "Even if it be conceded that the property in question is in a 'fringe' area, with bordering industrial use and heavy vehicular traffic lessening its value for residential use, nevertheless, the local governing body is the more appropriate one to shape and control the local environment according to the best interests of the locality and its citizens." *Westbrook v. Board of Adjustment,* 245 Ga. 15, 17 (262 SE2d 785) (1980).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED SEPTEMBER 8, 1983.

*George P. Dillard, Gail C. Flake,* for appellant.
*Kenneth W. Carpenter,* for appellees.