## 32681. CITY OF ATLANTA et al. v. McLENNAN et al.

MARSHALL, Justice.

This case is here on appeal following remand to the trial court in the earlier decision of *City of Atlanta v. McLennan,* 237 Ga. 25 (226 SE2d 732) (1976). Following remand, the city rezoned the subject property from single family residential to townhouse and apartment conditional. The allowable density (number of residential units per acre) remains the same under both zoning classifications, with the basic change in zoning being from private residential to commercial residential.

There were two conditions attached to the new zoning classification. A building permit for development of the property would not be issued unless: (1) "An undisturbed buffer strip commensurate with the scale and character of the proposed development . . . be established to adequately minimize the potential impact of the development on the adjacent residential development and the neighborhood character"; (2) "Adequate vehicular ingress-egress facilities . . . be designed and incorporated to meet the access requirements of the development with maximum consideration given to the minimization of traffic congestion on the streets and potentially hazardous conflicting points."

Following a hearing without the intervention of a jury, the trial judge rendered his judgment finding that the appellees' property cannot be reasonably and economically developed or used for townhouse or

apartment purposes. The trial judge also found that construction of a shopping center on the property would not have an adverse impact on the public health and welfare, whereas construction of multifamily residences would have an adverse impact on already congested traffic conditions. The trial judge determined that application of this zoning classification to the appellees' property would result in great injury to them, while resulting in little benefit to the public. Under these standards enunciated in *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), the trial judge held unconstitutional the multifamily residential zoning classification.

The trial judge also found that this "conditional" zoning of the appellees' property was void because of vagueness and also because the city had failed to comply with certain procedural requirements which must be followed under the city zoning ordinance before the adoption of a "conditional" zoning subclassification.

Accordingly, the trial judge declared the property free of all zoning restrictions imposed by the city. The court issued a mandatory injunction which provides that the appellee McLennan will be entitled to the issuance of a building permit for the construction of a shopping center or any other structure on the property upon presentation to the building inspector of an application accompanied by the required fees and plans and specifications, which comply with valid provisions of the building code of the city.

This appeal follows. The appellants enumerate several errors which resolve themselves into three major issues of law, as framed by the appellants.

1. "Whether the refusal of the trial court to grant appellant's demand for jury trial is reversible error requiring a remand of this case for trial to a jury."

The parties waived their right to a jury trial prior to the first appeal, and consented to trial of the entire case by the trial judge. After the case had been remanded for further proceedings following the appeal, the appellants then sought to withdraw their waiver of jury trial.

In arguing that they had a right to a jury trial, the appellants cite various criminal cases which are

inapposite here. They also cite dicta from other civil cases.

The appellants argue in addition that this is a mandamus action. (The original complaint and subsequent motions filed by the appellees sought the issuance of a writ of mandamus to compel the building inspector to issue them a building permit.) Proceeding from this premise, the appellants argue that there is an absolute right to a jury trial in a mandamus action. We disagree.

"If an issue of fact is involved in a mandamus case, such issue shall be tried by a jury." *Bryant v. Bd. of Ed. of Colquitt County,* 156 Ga. 688 (3) (119 SE 601) (1923); *Holt v. Clairmont Development Co.,* 222 Ga. 598 (151 SE2d 151) (1966); Code § 64-108. However, the parties to a mandamus action in which there are issues of fact may waive their right to a jury trial either tacitly or expressly. See *Chappell v. Small,* 194 Ga. 143 (20 SE2d 916) (1942); *Talmadge v. Cordell,* 170 Ga. 13 (152 SE 91) (1929); Code Ann. § 2-3308 (Art. VI, Sec. IV, Par. VIII, Georgia Constitution of 1976). A waiver of jury trial at the first trial of the civil case applies to retrials of the same case. See *Pelham Mfg. Co. v. Powell,* 8 Ga. App. 38 (68 SE 519) (1910); *Cherry v. McCutchen,* 68 Ga. App. 682 (23 SE2d 587) (1942). Assuming for the purposes of argument that the right of the appellants to a jury trial in this case is governed by the rules pertaining to mandamus actions, we find that the trial judge did not abuse his discretion in refusing to allow the appellants to withdraw their waiver of jury trial.

2. "Whether the evidence demonstrated a reasonable probability of sufficient gain or benefit to the public health, safety or general welfare to justify the application of apartment and townhouse zoning classifications to the property."

This issue relates to the findings of fact of the trial judge on which is based the conclusion that the multifamily residential zoning classification is unconstitutional. Such findings cannot be set aside by the appellate court unless found to be clearly erroneous. Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171).

From the evidence introduced at trial, the primary

points of contention concern the economic feasibility of development of the property for multifamily residential purposes versus construction of a shopping center, as well as the impact on the public health and welfare which each alternative use would have. Without reviewing the testimony and evidence in toto, it is sufficient to state that it was in conflict and that the findings of the trial judge, supported by credible evidence, are not clearly erroneous.

3. "Whether legislative facts which demonstrate the economics of proposed uses of property in a proceeding of this kind may be considered by the trial judge in determining the constitutionality of a zoning classification when such economic facts were not presented to the governing authority during the zoning process."

Although the appellants cite no authority for the proposition that the trial judge could not consider said legislative facts which were not presented to the governing authority during the zoning process, the appellees cite two persuasive reasons for permitting him to do so. First, there apparently exists no procedure under which the property owner may present such evidence before the zoning authority. The only public hearing in the rezoning process is before the zoning review board, which has no power to consider any zoning classification except that submitted to it by the Planning & Development Committee of the City Council. Secondly, in rezoning property the governing authority acts in a legislative capacity and need not enter findings and conclusions justifying the decision to rezone. *Hall Paving Co. v. Hall County,* 237 Ga. 14 (226 SE2d 728) (1976). Therefore, even if such evidence were presented to the governing authority, there are no means for determining whether that evidence played any part in its zoning decision.

These issues of law have been analyzed and resolved unfavorably to the appellants. To the extent that the enumerations of error are supported by argument and citation of authority they have been reviewed and found to be without merit. However, we do find overbroad that portion of the judgment ordering the building inspector to issue the appellee a building permit for the construction of

". . . any other structure. . ." The judgment of the trial court is accordingly affirmed with the direction that the court strike the foregoing portion of its judgment.

*Judgment affirmed with direction. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 20, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 19, 1977.

*Ferrin Y. Mathews, Ralph H. Witt,* for appellants.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant,* for appellees.