## 37988. BOARD OF COMMISSIONERS OF HALL COUNTY v. SKELTON.

GREGORY, Justice.

This is a zoning case. Skelton owns a tract of land in Hall County presently zoned "Highway Business." The Board of Commissioners of Hall County denied his request to rezone the property to

Agricultural-Residential III so that he could use his property as a site for three mobile homes, and he appealed to the Superior Court, which found the zoning classification of Skelton's property to be unconstitutional. The court ordered the Board of Commissioners to rezone the property from Highway Business to Agricultural-Residential III in a constitutional manner. The court gave the Board 30 days to do so, reserving jurisdiction to declare the property free from all restrictions if the rezoning is not done within a reasonable time. The Board appeals.

(1) This court set out the following general lines of inquiry for determining the validity of a zoning ordinance in *Guhl v. Holcomb Bridge Road,* 238 Ga. 322, 323-24 (232 SE2d 830) (1977): "(1) existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of the plaintiffs promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public, as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned, considered in the context of land development in the area in the vicinity of the property."

Using these lines of inquiry as a starting point, the individual's right to the unfettered use of his property must be balanced against the police power under which the zoning is done. The zoning classification must bear a substantial relation to the public health, safety, morality or general welfare or it will be set aside as arbitrary or unreasonable. The zoning classification may be set aside ". . . if [it] results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner . . ." *Barrett v. Hamby,* 235 Ga. 262, 266 (219 SE2d 399) (1975). It is not necessary that the property be totally useless for its zoned purposes, the regulation may be struck down if the ". . . damage to the owner is significant and is not justified by the benefit to the public." *Barrett v. Hamby,* supra, at 266.

Following the guidelines of *Guhl,* supra, the trial court made these relevant findings of fact: (1) nearby property — lots adjacent to appellee's property and lots directly across the highway from his property — is zoned Agricultural-Business III, and much of that property is used for residential purposes and as sites for mobile homes; (2) many of the nearby properties which are zoned for Highway Business have residences and mobile homes on them as pre-existing uses; (3) while appellee's property is zoned for Highway Business, it does not front on the highway, it is located between 100-500 feet from the highway, and it is separated from the highway by a service station; (4) appellee's property has been zoned for

Highway Business for over ten years, yet it still remains vacant for those purposes; (5) appellee wants to use his property as a site for three mobile homes. These findings are supported by the record. Since these findings of fact are not clearly erroneous, they may not be set aside by this court. *City of Atlanta v. McLennan,* 240 Ga. 407 (2) (240 SE2d 881) (1977).

Based upon these findings and other facts which appeared in the record, the trial court reached the following conclusions: (1) the subject property is not suitable for Highway Business purposes; (2) except for some of the property which actually fronts on the highway, the surrounding property in the area is essentially used for residential purposes; (3) the public receives little if any gain from the present zoning classification while the appellee is prevented from putting his land to any suitable use; (4) because the zoning classification is insubstantially related to the public welfare and significantly detrimental to appellee, it is arbitrary and unreasonable, and it must be struck down. We agree with these conclusions.

Appellee provided ample proof in the record that this zoning classification significantly damages his property. Because of its location, the property is useless for its zoned purposes. No countervailing benefit to the public from this zoning classification of appellee's property appears in the record. Although appellants argue that rezoning this property may create a potential safety hazard, the evidence supporting this position is too vague and insubstantial to offset the serious loss suffered by appellee. Since this zoning classification seriously damaged appellee's property and is not substantially related to the public health, safety, morality or general welfare, the trial court correctly found this classification un-constitutional.

(2) Appellant contends that even if the present zoning classification is unconstitutional, the court erred in ordering it to rezone in a specific manner. We agree. The court should have remanded to the Board to let it rezone the property. Then, if the Board failed to accomplish this purpose within a reasonable time, the court could, as a last resort, declare the property to be free of zoning restrictions. *City of Atlanta v. McLennan,* 237 Ga. 25, 27 (226 SE2d 732) (1976).

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED FEBRUARY 3, 1982.

*Kenyon, Hulsey & Oliver, Julius M. Hulsey, Richard W. Story,*

for appellant.

*Jack C. Bell, James M. Walters,* for appellee.