### 39128. BROWN v. DOUGHERTY COUNTY et al.

SMITH, Justice.

In this zoning dispute, Brown appeals from the Dougherty County Board of Commissioners' denial of his request to rezone a tract of land located in southern Dougherty County. The superior court affirmed the denial of Brown's rezoning request. We reverse.

The subject land consists of approximately ninety rural acres located at the southeast corner of Lonesome Road and Vanderbilt Drive. To the east and south of the tract is farmland. To the west and north are single-family residences. At present ten acres of Brown's tract is zoned R-1B (single-family residential); the remainder is zoned AG (agricultural). Brown applied for rezoning of the entire tract to R-4B (single-family mobile home subdivision) so that he could sell it for development as a mobile home community. Pursuant to the county's three-tier method for evaluating zoning requests, Brown's application was evaluated by the Albany Metropolitan Planning Commission, whose staff recommended approval. The Metropolitan Planning Commission's report assessed the proposed

development's impact in regard to change in population density, contrast in structural character of the neighborhood (i.e., site-built versus mobile homes), drainage, access, and traffic flow. After public hearings, the Dougherty County Planning Commission recommended that the rezoning request be denied.

The Dougherty County Board of Commissioners conducted further public hearings and voted to deny Brown's application. Brown then brought the present action in superior court, seeking a judgment declaring the board's refusal to rezone to be an unconstitutional taking of his property. At trial Brown introduced evidence, including extensive expert testimony, showing that the land is not suited to agricultural use; that he has been unable to sell the land for residential use as presently zoned; that the best and most profitable use of the land is as a mobile home subdivision; that the proposed subdivision would cause no serious drainage, water supply, or traffic problems; and that the increase in population density caused by the mobile home development would not be high compared to the county in general, would be buffered from the existing neighborhood, and would be confined to a small area. In response, the board chose not to introduce expert testimony, instead relying on depositions of the county commissioners as well as testimony of two residents of the affected area. This testimony was generally to the effect that the proposed mobile home subdivision might cause drainage and traffic problems, would greatly increase the population density of the area, and would destroy the rural character of the existing neighborhood.

Decisions of local zoning authorities are presumed valid. This presumption may be overcome by presenting clear and convincing evidence that the existing zoning is significantly detrimental to the property owner and is insubstantially related to the public health, safety, morality, and welfare. Once this burden is met, the zoning authority must come forward with evidence justifying the zoning classification as reasonably related to the public interest. *Flournoy v. City of Brunswick,* 248 Ga. 573 (285 SE2d 16) (1981). Review of local zoning decisions necessarily entails a balancing of competing public and private interests in land. *Barrett v. Hamby,* 235 Ga. 262, 265 (219 SE2d 399) (1975).

Clearly Brown has carried his initial burden of showing a significant financial loss to himself and an insubstantial benefit to the public from the existing zoning classification. However, it is not sufficient to show merely that the property would be more valuable if rezoned. *DeKalb County v. Chamblee Dunwoody Hotel Partnership,* 248 Ga. 186, 189 (281 SE2d 525) (1981). In addition, Brown showed that the proposed use is not inherently incompatible with the use of

nearby property, which is a sparsely populated residential area. Brown's expert testimony indicated that the proposed use would have no adverse economic impact on area property values, and that the development would pose no significant water, drainage, traffic, or density problems. In addition, it is uncontroverted that there exists in Dougherty County a ready market for moderately priced single-family housing such as the mobile home subdivision proposed by Brown and his developer. See generally *Guhl v. Holcomb Bridge Road Corp.,* 238 Ga. 322 (232 SE2d 830) (1977).

Brown having met his initial burden, the board was then required to come forward with evidence sufficient to justify the existing zoning scheme as reasonably related to the public health, safety, morality, or general welfare. This the board has failed to do. Its only evidence on this point consisted of the testimony of two residents of the affected area, along with the depositions of the county commissioners describing their reasons for voting as they did on Brown's application. This evidence, taken together with the board's appellate briefs and arguments, indicates that the main justification for the refusal to rezone was to maintain the present aesthetic qualities of the neighborhood. This consideration, while relevant to our inquiry, is not controlling. See *Flournoy v. City of Brunswick,* supra. The public interest in aesthetics asserted by the board, standing alone, is simply "too vague and thus weighs too lightly in the balance" to offset the substantial injury to Brown under the present zoning scheme. *Barrett v. Hamby,* supra, at 266. The record reveals no other countervailing public benefit to justify the board's decision. Consequently, the decision of the trial court upholding the board's denial of Brown's application must be reversed.

*Judgment reversed. All the Justices concur, except Marshall, P. J., and Weltner, J., who dissent.*

DECIDED MARCH 9, 1983.

*John H. Hayes, Geer & Rentz, Donald D. Rentz,* for appellant.

*C. Nathan Davis,* for appellee.