42387. REA et al. v. CITY OF CORDELE et al.
(339 SE2d 223)

SMITH, Justice.

The appellant, William J. Rea, Jr., is a builder/developer who obtained an option to purchase a tract of land from the appellant, Griffin Lumber Company. The appellant sought to have the property rezoned, but the application was denied by a vote of 2 to 1. The denial of the appellant's rezoning request was affirmed by the superior court. We reverse.

The property in question is a ten-acre tract located in the northeast corner of the intersection of State Highway 257 and Pecan Street in Cordele, Georgia. It is almost triangular in shape and bound on the southeast by State Highway 257, and on the west by Pecan Street. There are six existing homes on the east side of Pecan Street and across Pecan Street to the west is a single-family residential neighborhood with homes that range in price from $20,000 to $100,000. There is a funeral home in the southwest corner of the intersection of State Highway 257 and Pecan Street, diagonally across from the property. The property is bound on the north and part of the east by the city limits line, and the property to the north, east, and southeast is undeveloped. The property further south is zoned for industrial use. There is a federal low-rent housing project within four blocks and there is a nearby race track.

The appellant, Griffin Lumber Company, applied to the City of Cordele to have the property rezoned from R-12, single-family residences, to R-4, apartment complexes. The application was further considered by the Cordele-Crisp County Planning Commission. After a public hearing, the Planning Commission unanimously recommended that the property be rezoned, with the condition that a buffer zone be created between the complex and the six homes on the east side of Pecan Street. The R-4 classification is not inconsistent with the comprehensive Land Use Plan of the City of Cordele and Crisp County.

The request was then considered by the Board of Commissioners

for the City of Cordele. After three hearings in which there was considerable opposition by area residents, the application was denied. The two commissioners who voted to deny the application live in the area where the resident opposition was strongest. One commissioner voted to approve the application, one abstained from voting, and the chairman, who only votes in case of ties, did not vote. On appeal to the superior court, the appellants argued that the R-12 classification was constitutionally unreasonable and that the denial of their application was arbitrary and unreasonable. The trial court held that the zoning was not arbitrary, and that it was in accordance with the City-County Comprehensive Land Use Plan. The court also held that the appellants failed to show by clear and convincing evidence that they were being deprived of any reasonable use of the property or that the R-12 classification was arbitrary, unreasonable, and without relationship to the public health, safety, morals, or general welfare.

As we begin our inquiry we note that "our focus is not upon whether there was evidence to support the trial court's decision but upon whether there was evidence to support the county's decision. [Cit.]" *DeKalb County v. Chamblee Dunwoody Hotel*, 248 Ga. 186, 190 (281 SE2d 525) (1981).

We must balance the individual's right to the unfettered use of his property and the police power under which zoning is accomplished. *Barrett v. Hamby*, 235 Ga. 262, 265 (219 SE2d 399) (1975). This court in *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322, 323 (232 SE2d 830) (1977) provided us with general lines of inquiry to examine in balancing the rights of the parties involved. Using those six lines of inquiry to assist us in our decision, we find that the record indicates that the appellants introduced evidence, including expert testimony, which included the following: (1) The nearby property to the north and east is undeveloped, and to the south there are vacant pecan groves with industrial zoning beyond the groves. Within four blocks there is a low-rent public housing project, and to the southwest there is a funeral home. There is a single-family residential development with homes that range in price from $20,000 to $100,000 west of Pecan Street and there are six single-family homes on the east side of Pecan Street; (2) A real estate appraiser, Frank Hedrick, testified that the complex as planned would not diminish the surrounding property values or have an adverse impact on the traffic pattern. The appellants and others testified that the property cannot feasibly be developed for single-family residences at this time and that in 1971 after building the six single-family homes on the east side of Pecan Street, the Griffin Lumber Company abandoned its plan to develop the property with additional single-family residences because it was not economically feasible to do so; (3) Two of the members and the Chairman of the Board of Commissioners of the City of Cordele testified

that there was no compelling reason based on considerations of public health, safety, morals, or welfare that would require the property to maintain its current classification; (4) There was no evidence that the public would have anything to gain if the property remained vacant, but there was evidence that the owner has been unable to sell the property with the current classification and that the complex would benefit the area by eliminating a low swampy area; (5) Certain testimony indicated that it is not economically feasible to develop the property under its current classification; and (6) The property has been vacant since the plan to build single-family homes was abandoned in 1971, and it has been vacant as zoned since 1976.

The board chose not to introduce any surveys, studies, or expert testimony. It did not dispute the appellant's evidence that it was economically unfeasible to develop the land as zoned. It relied upon the testimony of the two commissioners who voted against the rezoning, the planning director, and area neighbors. Their testimony showed that the commissioners and the neighbors were generally concerned and fearful that the complex would lower their property values, and increase traffic and crime.

"Decisions of local zoning authorities are presumed valid. This presumption may be overcome by presenting clear and convincing evidence that the existing zoning is significantly detrimental to the property owner and is insubstantially related to the public health, safety, morality, and welfare. Once this burden is met, the zoning authority must come forward with evidence justifying the zoning classification as reasonably related to the public interest. [Cit.]" *Brown v. Dougherty County*, 250 Ga. 658, 659 (300 SE2d 509) (1983).

Here the appellants presented clear and convincing evidence that the existing zoning is significantly detrimental to the owner and that it is insubstantially related to the public health, safety, morality, and welfare. After so doing the board was required to come forward with evidence justifying the classification as reasonably related to the public interest. The board did not do so in this case. The record indicates that the reason the rezoning was denied was the generalized fear of the area residents that they would suffer a decline in the value of their property and an increase in traffic and crime. Thus, the decision of the trial court upholding the boards' denial of the appellant's application must be reversed.

*Judgment reversed. All the Justices concur, except Marshall, P. J., Gregory and Weltner, JJ., who dissent.*

GREGORY, Justice, dissenting.

I respectfully dissent because in my view the majority opinion fails to give proper deference to the trial court's weighing of the evidence.

Zoning ordinances are legislative, or at least quasi-legislative, acts of the local governing authority, here the county commissioners. *Barrett v. Hamby*, 235 Ga. 262, 265 (219 SE2d 399) (1975). We held that such acts are not beyond the scrutiny of courts: "As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable (by the courts)." *Barrett*, supra at 265. In *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977), we held that a zoning ordinance is to be considered by the court as presumptively valid. This presumption may be overcome only by clear and convincing evidence presented to the court, "that the existing zoning is significantly detrimental to the property owner and is insubstantially related to the public health, safety, morality, and welfare." *Brown v. Dougherty County*, 250 Ga. 658, 659 (300 SE2d 509) (1983).[1] The trial court weighs the evidence and if it finds clear and convincing evidence of invalidity, the presumption is overcome, and the land should be declared free of the zoning. If there is an absence of clear and convincing evidence the presumption of validity prevails. Of course, where the presumption is overcome the county may offer evidence to rebut the landowner's case and should this reduce the landowner's evidence so that it is no longer clear and convincing, the zoning stands.

When the case is appealed, it is not the function of the appellate court to again weigh the facts and determine if there is clear and convincing evidence of invalidity. Rather, the appellate court considers the trial court findings and the record below. Unless the findings are clearly erroneous they are not to be disturbed on appeal. *Bd. of Commrs. v. Skelton*, 248 Ga. 855 (286 SE2d 729) (1982); *City of Atlanta v. McLennan*, 240 Ga. 407, 409 (240 SE2d 881) (1977).

In my view the majority opinion merely second guesses the trial court by again weighing the facts and finding it to be clear and convincing evidence of invalidity. I think this is improper. We should acknowledge that the function of the trial court is to recognize the presumption of validity of the zoning ordinance, and then weigh the evidence to determine if it clearly and convincingly establishes invalidity. The trial judge found that it did not. The county was entitled to rely on this presumption of validity and was not required to produce other evidence. In my view this finding was not clearly erroneous and should not be disturbed on appeal.

---

[1] The *Brown* decision goes on to point out that if the presumption is overcome by clear and convincing evidence of invalidity, "the zoning authority must come forward with evidence justifying the zoning classification as reasonably related to the public interest."

I am authorized to state Justice Weltner joins in this dissent.

DECIDED FEBRUARY 11, 1986.

*Landau & Davis, James V. Davis,* for appellants.
*Guy V. Roberts, Jr.,* for appellees.