## S97A0703. GWINNETT COUNTY v. DAVIS et al.
### (492 SE2d 523)

CARLEY, Justice.

Robert and Cynthia Davis sought rezoning of their 4.6 acres from its present R-100 "residential" classification to an RL "residential lakeside" classification. As part of their rezoning application, the Davises also sought a special use permit to operate a boat storage facility on the property. When their application was denied, the Davises filed suit against Gwinnett County, alleging that the existing R-100 classification is unconstitutional. After a bench trial, the trial court entered an order finding that the Davises met their burden of showing the unconstitutionality of the R-100 classification by clear and convincing evidence. This Court granted Gwinnett County's application for a discretionary appeal to consider whether the trial court erred in finding the R-100 classification unconstitutional.

The burden was on the Davises to rebut the presumption of the constitutionality of the R-100 classification by clear and convincing evidence. *Gradous v. Bd. of Commrs.,* 256 Ga. 469, 471 (349 SE2d 707) (1986). The trial court found that the Davises met this burden. In reviewing the trial court's order, we must accept its factual findings, unless those findings are clearly erroneous. *Moon v. Cobb County,* 256 Ga. 539 (350 SE2d 461) (1986). Whether the facts which

we must accept are sufficient to authorize the conclusion that the existing R-100 classification of the Davises' property is unconstitutional is, however, a question of law for this Court and no deference is owed to the trial court in that regard. *Moon v. Cobb County*, supra; *Guhl v. Pinkard*, 243 Ga. 129, 130 (1), fn. 1 (252 SE2d 612) (1979).

Resolution of this legal question requires a balancing of the Davises' right to the unfettered use of their property against the public's health, safety, morality and general welfare. *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322, 323 (232 SE2d 830) (1977). Thus, the Davises had the burden to show by clear and convincing evidence "*both* that [they] will suffer a significant detriment under the existing zoning, and that the existing zoning bears an insubstantial relationship to the public interest. [Cit.]" (Emphasis in original.) *Holy Cross Lutheran Church v. Clayton County*, 257 Ga. 21 (2) (a) (354 SE2d 151) (1987). If the R-100 classification results in little public benefit or gain, but inflicts serious injury or loss on the Davises, then that existing classification is confiscatory and unconstitutional. *Guhl v. Holcomb Bridge Rd. Corp.*, supra at 323. To authorize the conclusion that the present R-100 zoning classification is confiscatory and unconstitutional, it is not necessary that the Davises' property be totally useless for R-100 residential purposes. All that is required is that the Davises suffer a significant loss from the R-100 classification which is unjustified by any resulting benefit to the public. *Guhl v. Holcomb Bridge Rd. Corp.*, supra at 323.

In concluding that the Davises met their burden of showing a significant loss from the R-100 classification, the trial court relied solely on evidence that the property "as zoned is worth substantially less than it would be if it were zoned RL and it had a special use permit for a boat storage facility." (R-280) However, such evidence, standing alone, is not sufficient to show that the Davises suffer a significant loss from the existing zoning. *DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186, 189 (1) (281 SE2d 525) (1981). The evidence relied upon by the trial court shows merely that the Davises' property is not presently zoned for its highest and best use, but such evidence does not show that the existing R-100 classification causes them a significant detriment. *Flournoy v. City of Brunswick*, 248 Ga. 573, 574 (285 SE2d 16) (1981). Although property need not be rendered worthless by the existing zoning for the owner to suffer an unconstitutional deprivation, evidence only that it would be difficult for the owner to develop the property under its existing zoning or that the owner will suffer an economic loss unless the property is rezoned is not sufficient to support the legal conclusion that the owner suffers a significant detriment. *Holy Cross Lutheran Church v. Clayton County*, supra at 23 (2) (b). However, the trial court would be authorized to conclude that the Davises had suf-

fered a significant detriment from the present R-100 classification if it finds clear and convincing evidence of a substantial decrease in the value of the Davises' property for its R-100 use. *Candler & Assoc. v. City of Roswell*, 258 Ga. 621, 622 (373 SE2d 19) (1988) (evidence that "the property, as zoned, is worth less than" similarly zoned property "because it is completely unfeasible to develop it" under that classification); *City of Atlanta v. Standish*, 256 Ga. 836, 837 (353 SE2d 489) (1987) (evidence of persistent vacancies and "frequent lapses in occupancy" of rental property); *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 473 (349 SE2d 743) (1986) (evidence that "current zoning was not reasonable or appropriate"); *DeKalb County v. Albritton Properties*, 256 Ga. 103, 108 (1) (a) (344 SE2d 653) (1986) (evidence of "a downturn in viability of the neighborhood as a residential area, and . . . a sharper downturn of land value if the land remained under a residential classification"); *Rea v. City of Cordele*, 255 Ga. 392, 394 (339 SE2d 223) (1986) (evidence that owner "has been unable to sell the property with the current classification" and "that it is not economically feasible to develop the property under its current classification"); *Brown v. Dougherty County*, 250 Ga. 658, 659 (300 SE2d 509) (1983) (evidence "showing that the land is not suited to agricultural use" and that owner "has been unable to sell the land for residential use as presently zoned").

The judgment of the trial court is based upon the erroneous legal conclusion that the evidence of the higher valuation of the Davises' property if rezoned to RL showed that the Davises had suffered a significant loss from the present R-100 classification. Where it is apparent that a trial court's judgment rests on an erroneous legal theory, an appellate court cannot affirm. *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 234 (2) (387 SE2d 429) (1989). Even assuming that there was clear and convincing evidence that the Davises did suffer a significant deprivation, the judgment nevertheless must be vacated and the case remanded for this issue to be " 'considered under a correct theory of law because we cannot say what the trial judge would have concluded if he had been relying on the correct theory. (Cit.)' [Cit.]" *Southeastern Aluminum Recycling v. Rayburn*, 172 Ga. App. 648, 650 (2) (324 SE2d 194) (1984). Accordingly, the judgment is vacated and the case is remanded with direction that the trial court reconsider the Davises' rezoning application in light of the applicable legal authority cited above. See *Smith v. Helms*, 140 Ga. App. 267, 269 (3) (231 SE2d 778) (1976).

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 17, 1997.

*Karen G. Thomas, M. Van Stephens II,* for appellant.
*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson,* for appellees.