S99A0430. GWINNETT COUNTY et al. v. DAVIS et al.

(517 SE2d 324)

THOMPSON, Justice.

In a previous appearance before this Court we held that the trial court applied an incorrect legal standard in concluding that the Davises met their burden of establishing the unconstitutionality of a zoning classification of their property. *Gwinnett County v. Davis,* 268 Ga. 653 (492 SE2d 523) (1997). We explained that "[t]he burden was on the Davises to rebut the presumption of the constitutionality of the [zoning] classification by clear and convincing evidence" (id. at 653); and to that end they must show that they will "suffer a significant loss from the [present] classification which is unjustified by any resulting benefit to the public." Id. at 654.

---

A significant detriment is *not* established by evidence only "that it would be difficult for the owner to develop the property under its existing zoning or that the owner will suffer an economic loss unless the property is rezoned." Id. Because the trial court concluded that the Davises suffered a significant loss based solely on evidence that the property as zoned is worth substantially less than it would be if it were rezoned and put to another use, the judgment was based upon an erroneous legal theory. Id. at 655. Accordingly, we reversed and remanded with direction that the court consider the zoning application in light of the applicable legal authority. Id.

On remand, the court heard no new evidence, but entered an order with findings of fact and conclusions of law, and again determined that the Davises showed by clear and convincing evidence that continuation of the present zoning classification presents a significant detriment to them which is not substantially related to the public interest. We granted this second application for discretionary review to determine whether the court erred in its conclusion that the current zoning is causing a significant detriment to the property owners. We again reverse.

In the order under consideration, the trial court did not address whether the property had a reasonable economic use as zoned, except to note that it "cannot be improved or developed in a competitive or marketable fashion in comparison with similarly zoned property," and that development in its current zoning classification "is cost prohibitive and not feasible." The court then concluded that the Davises will suffer a significant detriment because they "cannot improve or develop the subject property under the existing zoning classification and that it is not economically feasible to subdivide the property in a competitively marketable fashion."

As we noted in *Davis*, supra at 654-655, "the trial court would be authorized to conclude that the Davises had suffered a significant detriment from the present R-100 classification if it finds clear and convincing evidence of a substantial decrease in the value of the Davises' property for its R-100 use." But the evidence before the court does not support such a conclusion. The Davises purchased their property as a single family residence after their initial rezoning request was denied, and they continue to use it in that manner. They offered no evidence that the property is worth less than they paid for it in 1994, or that they have been unable to sell the land for residential use as presently zoned. Compare *Rea v. City of Cordele*, 255 Ga. 392 (339 SE2d 223) (1986) and *Brown v. Dougherty County*, 250 Ga. 658 (300 SE2d 509) (1983) (significant detriment shown where owner established land cannot be sold with its current classification). Instead, the undisputed evidence shows that the property is suited to its present zoning classification, and that development for that pur-

pose is feasible. All that has been shown is that the Davises will suffer an economic loss if their rezoning request is denied. But diminution in value alone does not constitute a constitutional deprivation. *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469, 471 (349 SE2d 707) (1986). Thus, the trial court's findings that the property cannot be developed under the existing zoning classification is not supported by the evidence, and cannot be upheld under our "clearly erroneous" standard of review. See *Holy Cross Lutheran Church v. Clayton County*, 257 Ga. 21 (2) (b) (354 SE2d 151) (1987). Because the Davises have not shown by clear and convincing evidence that they will suffer "a substantial detriment in the constitutional sense," id. at 23, if the property remains as presently zoned, they have not rebutted the constitutionality of the R-100 classification.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Karen G. Thomas, Michael V. Stephens II,* for appellants.
*Webb, Tanner & Powell, Anthony O. L. Powell, Robert J. Wilson,* for appellees.