## S02A0036. JERVEY v. CITY OF MARIETTA et al.
### (559 SE2d 457)

CARLEY, Justice.

Richard Jervey filed an application to rezone 2.278 acres in Marietta, at the major intersection of the 120 Loop/South Marietta parkway, Powder Springs Road, and Reynolds Street. The property is currently classified as office and institutional (OI), and Jervey sought rezoning to the neighborhood retail commercial (NRC) classification, so as to permit the development of a Walgreen's store. The City denied the rezoning application, and Jervey brought this action, alleging an unconstitutional taking. The trial court entered judgment in favor of the City, and we granted this discretionary appeal to consider whether the trial court applied an erroneous legal standard and whether the evidence demanded a finding that there was an unconstitutional taking of the subject property.

1. In its order, the trial court twice characterized the relevant determination as being whether the City's denial of NRC rezoning was an unconstitutional taking. The actual standard for determining the existence of an unconstitutional taking is whether the current OI zoning classification causes the property owner a significant detriment having no substantial relation to the public health, safety, morality, and welfare. *Guhl v. Holcomb Bridge Road Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). In applying that standard, "[t]he validity of each zoning ordinance must be determined on the facts applicable to the particular case, but certain general lines of inquiry [into six enumerated factors] have been regarded as relevant. . . ." *Guhl*, supra at 323.

The trial court cited *Guhl*, referred to the relevant factors listed therein, and found that the denial of NRC rezoning did not constitute an unconstitutional taking of the property. Reviewing the entirety of the order, the trial court based its ruling on the applicable legal principles. See *Maree v. Phillips*, 272 Ga. 52, 55 (5) (525 SE2d 94) (2000).

2. To prevail, Jervey must show that the OI classification results in a significant detriment to him *and* that it has no substantial relation to public welfare. *Holy Cross Lutheran Church v. Clayton County*, 257 Ga. 21 (2) (a) (354 SE2d 151) (1987).

> "This state uses a balancing test to determine whether the police power has been properly exercised. The test weighs the benefit to the public against the detriment to the individual. The factors to be considered are set forth in *Guhl v. Holcomb Bridge Rd. Corp.*, (cit.). A zoning ordinance is presumptively valid, and this presumption can be rebutted only by clear and convincing evidence. [Cit.]. . . ." [Cit.]

*City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 474 (349 SE2d 743) (1986). The City classifies the subject property as OI in order to provide a buffer for an adjoining residential area. Maintaining the integrity of existing residential neighborhoods is a valid public interest. *Holy Cross Lutheran Church v. Clayton County*, supra at 23 (2) (b). In resolving zoning controversies that involve fringe areas, "'the local governing body is the more appropriate one to shape and control the local environment according to the best interests of the locality and its citizens.' [Cit.]" *Holy Cross Lutheran Church v. Clayton County*, supra at 23 (2) (d). See also *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 602 (2) (385 SE2d 397) (1989). The trial court was authorized to find that the current designation of the property is fully justified by the public's interest in protecting surrounding residential neighborhoods. See *Holy Cross Lutheran Church v. Clayton County*, supra at 23 (2) (c); *Flournoy v. City of Brunswick*, 248 Ga. 573, 574 (285 SE2d 16) (1981).

> On appeal, it is not the function of the appellate court to weigh the evidence, but to look instead to the trial record. Unless the findings are clearly erroneous, they should not be disturbed on appeal. [Cit.] The trial court here was presented with conflicting evidence and balanced the evidence in favor of the City. . . .

*Jones v. City of Atlanta*, 257 Ga. 727, 729 (363 SE2d 254) (1988). Since the City showed that the public derives a substantial benefit from the present OI zoning of the fringe property and Jervey produced no clear and convincing evidence demanding a contrary finding, the trial court's order finding no unconstitutional taking must be affirmed. *Flournoy v. City of Brunswick*, supra at 574.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Moore, Ingram, Johnson & Steele, John H. Moore, John K. Moore*, for appellant.

*Haynie, Litchfield & Crane, Douglas R. Haynie, H. Scott Gregory, Jr.*, for appellees.