S02A0484. TOWN OF TYRONE et al. v. TYRONE, LLC et al.

(565 SE2d 806)

FLETCHER, Chief Justice.

The trial court declared the zoning on a parcel of property unconstitutional and ordered the town of Tyrone, Georgia to rezone the property to a particular classification and grant certain variances. We granted the Town's application for discretionary review, and we now affirm in part and reverse in part. The trial court exceeded its authority in ordering the property rezoned to a particular zoning designation, and the evidence before the court supported a finding that the zoning was unconstitutional only for some of the property.

Tyrone has a population of approximately 3,800. It is west of Atlanta, with Peachtree City a few miles to the south and Palmetto, Fairburn, and Union City a few miles to the north. Amid the development pressures of a steadily growing Atlanta metropolitan area, the Town has sought to retain its character as a rural, small town. To this end, the Town adopted a comprehensive land use plan in 1992 to guide future land use decisions.

A developer of shopping centers entered option contracts to purchase roughly 75 acres of land in Tyrone. The property is bounded by State Route 74 on the east, Tyrone Road to the north, and an active railroad line on the west. To the south are other privately-owned properties, including a horse farm. The entire property was designated conservation-residential under the comprehensive land use plan and zoned agricultural-residential.

The Developer proposed to build a shopping center on the property with various commercial establishments, including a grocery store in excess of 50,000 square feet. He offered to donate a portion of the land so that the town could relocate its town hall from its current location in historic downtown Tyrone to this new development, which the Developer proposed to call "Tyrone Towne Square." The Developer also suggested that the Town use the donated land to relocate the town library and establish a post office. To accomplish his vision of the new Tyrone Towne Square, the Developer requested, in early 2000, that the Town change the designation of the property on the land use plan to highway-commercial and rezone the property to commercial.

After two hearings, the town council denied the Developer's

request. The council, however, did rezone 22 acres of the property from agricultural-residential to office-institutional. The Developer sued the Town in superior court, and, following a hearing, the trial court declared the zoning on all the property unconstitutional. As part of its order, the trial court also ordered the town to rezone the property as commercial and grant the Developer certain variances from the restrictions that accompany a commercial zoning designation.

1. We begin by examining the trial court's order that the Town rezone the property as commercial. "[C]ourts have no power to zone or rezone property."[1] Rather, the "power to zone and rezone property is vested in the county and city governing authorities."[2] A court's role in zoning disputes is to determine whether the current zoning amounts to an unconstitutional taking, not which zoning classification should apply to a particular parcel of property.[3]

Here, the trial court exceeded its judicial power when it ordered the Town to rezone the property to a specific designation.[4] Once the trial court concluded that the current zoning was unconstitutional, it should have ordered the town council to rezone the property to a constitutional designation.[5] If the council failed to rezone the property to a constitutional designation, then the property owners could have sought review of the new zoning in superior court or requested the trial court to sanction the council's members.[6] Accordingly, we reverse that portion of the trial court's order that required the Town to rezone the property to a particular zoning designation.

2. As part of his application, the Developer requested certain variances and special exceptions from the commercial zoning requirements. The trial court ordered the Town to grant the variances, but did not rule on the special exceptions.

The type of zoning that applies to a parcel of property generally must be determined before the appropriateness of a variance from the zoning can be decided. Otherwise, there is no zoning from which the property owner can vary. Because the zoning on the property has not been established, the trial court acted prematurely in reviewing the Town's treatment of any requests for variances, and we reverse

---

[1] *Hall Paving Co. v. Hall County*, 237 Ga. 14, 15 (226 SE2d 728) (1976); see also *Cobb Cty. v. Wilson*, 259 Ga. 685, 686 (386 SE2d 128) (1989).

[2] *Hall Paving*, 237 Ga. at 15.

[3] See generally *Barrett v. Hamby*, 235 Ga. 262, 265-266 (219 SE2d 399) (1975); *Jackson v. Goodman*, 247 Ga. 683, 684 (279 SE2d 438) (1981).

[4] *Wilson*, 259 Ga. at 686.

[5] *Alexander v. DeKalb Cty.*, 264 Ga. 362, 364-365 (444 SE2d 743) (1994); *Wilson*, 259 Ga. at 686; *Board of Commissioners of Hall Cty. v. Skelton*, 248 Ga. 855, 857 (286 SE2d 729) (1982).

[6] *Wilson*, 259 Ga. at 686.

that portion of the trial court's order.

3. The Town's final enumeration of error is that the Developer failed to prove that the current zoning on the property resulted in a significant detriment to the property owners. Local governments' zoning classifications of property are presumptively valid[7] because " 'the local governing body is the more appropriate one to shape and control the local environment according to the best interests of the locality and its citizens.' "[8]

A property owner challenging the constitutionality of the zoning on his property has the burden to show by clear and convincing evidence that the existing zoning (1) causes him a significant detriment, and (2) is not substantially related to the public health, safety, morality, and welfare.[9] We must accept the trial court's factual findings unless they are clearly erroneous, but we review de novo the legal conclusion that the zoning constitutes a significant detriment.[10]

There was considerable testimony that the property as currently zoned is worth significantly less than it would be if zoned commercially. We have consistently rejected an increase in valuation from a change in zoning as a basis for finding significant detriment.[11]

> Land value depends upon land use and in a zoning contest the more intense use sought by the landowner invariably would increase the value of the land in question. Thus, the question is not whether rezoning would increase the value of the land; the question is whether the existing zoning classification is depriving the landowner of property without due process of law.[12]

Evidence that the property will be more valuable if rezoned "borders on being irrelevant."[13] The critical evidence is the value of the land as zoned.[14]

With respect to the approximately 53 acres that are zoned agricultural-residential, the Developer's land use expert testified that the property could not feasibly be developed for residential use. Additionally, the Town's city planning consultant concluded in a report to

---

[7] *DeKalb Cty. v. Dobson,* 267 Ga. 624, 625 (482 SE2d 239) (1997); *Brown v. Dougherty Cty.,* 250 Ga. 658, 659 (300 SE2d 509) (1983).

[8] *Holy Cross Lutheran Church v. Clayton Cty.,* 257 Ga. 21, 23 (354 SE2d 151) (1987).

[9] *City of Atlanta v. TAP Assocs.,* 273 Ga. 681, 683 (544 SE2d 433) (2001).

[10] Id.

[11] E.g., *Gwinnett Cty. v. Davis,* 271 Ga. 158, 159 (517 SE2d 324) (1999); *Gwinnett Cty. v. Davis,* 268 Ga. 653, 654 (492 SE2d 523) (1997); *Holy Cross,* 257 Ga. at 22-23; *DeKalb Cty. v. Chamblee Dunwoody Hotel Partnership,* 248 Ga. 186, 189 (281 SE2d 525) (1981).

[12] *Chamblee Dunwoody Hotel Partnership,* 248 Ga. at 189-190.

[13] Id. at 190.

[14] Id.

the town council that the "current agricultural zoning of the property does not support establishment of economic uses, whether these are very low density residential uses or agricultural uses." Given the evidence in the record, the trial court did not clearly err in finding that the property zoned agricultural-residential cannot be developed under that classification.

The same conclusion does not hold true for the 22 acres zoned office-institutional. No witness testified regarding the value of this property compared to other similarly situated properties that were zoned office-institutional. None of the property owners made any efforts to market their property as office-institutional. Furthermore, the Developer's statements that he marketed the property unsuccessfully under the office-institutional zoning were insufficient to show significant detriment. The Developer provided no specific details regarding the extent, duration or character of his efforts, admitted that he was only interested in the property if it was zoned commercial, and filed this litigation less than a month after the property was rezoned as office-institutional, claiming that the property should only be zoned as commercial property. It is unsurprising that nobody signed a contract to develop property under the office-institutional zoning when the person allegedly marketing the property claimed the office-institutional zoning was invalid and was pursuing his position in court. Additionally, although the Developer contended there was an abundance of available office space in the Town, the Town's planner testified that there was an ongoing demand for office space in and around south metro-Atlanta, which new offices in the Town could help satisfy. There also was evidence that other developers had built or were considering building office spaces in the vicinity of the Town.

The Developer's burden at trial was to show by clear and convincing evidence that the existing office-institutional zoning caused the property owners a significant detriment. Although zoning need not render property worthless before an unconstitutional deprivation occurs, a "significant detriment is *not* established by evidence only that it would be difficult for the owner to develop the property under its existing zoning or that the owner will suffer an economic harm unless the property is rezoned."[15] Here, the Developer simply did not show by clear and convincing evidence that the 22 acres could not be developed under the office-institutional zoning. Accordingly, the trial court clearly erred in concluding that the property owners had suffered a significant detriment from having their property zoned office-

---

[15] *Davis*, 271 Ga. at 159 (punctuation omitted; emphasis in original); *Holy Cross*, 257 Ga. at 22-23.

institutional.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JULY 2, 2002 —
RECONSIDERATION DENIED JULY 26, 2002.

*Sanders, Haugen, Sears & Meeker, Theodore P. Meeker III, Mullins, Whalen & Westbury, Andrew J. Whalen,* for appellants.

*Rosenzweig, Jones & MacNabb, George C. Rosenzweig, Sara A. Evans,* for appellees.