S05A0989. LEGACY INVESTMENT GROUP, LLC v. KENN et al.
(621 SE2d 453)

SEARS, Chief Justice.

The appellant, Legacy Investment Group, LLC ("Legacy"), sought to have the appellees, Fulton County and its commissioners, rezone certain property it owned in the county. Fulton County denied the rezoning, and Legacy filed suit in superior court, contending that the present zoning of its property was unconstitutional. The trial court granted summary judgment to Fulton County, ruling that Legacy had not proven that the present zoning caused it a significant detriment or that the present zoning was insubstantially related to the public health, safety, and welfare. This Court subsequently granted Legacy's application for discretionary appeal to consider whether the trial

court erred in granting summary judgment to Fulton County. For the reasons that follow, we reverse the trial court's ruling.

On January 27, 2003, Legacy entered into an agreement to purchase 41 acres of land in south Fulton County for $12,195 per acre. Legacy stated that it entered into the contract to purchase the property based on the property's suitability for single-family residential development. At the time the contract was entered, the land was zoned AG-1, agricultural. The AG-1 classification permits one residence to be built on each acre of land. About one month after entering the contract to purchase the property, Legacy and the property's owner, Emmanuel Ministries, Inc., filed a rezoning application with the Fulton County Department of Environment and Community Development (the "Department") seeking to rezone the property to a "Community Unit Plan" ("CUP") classification. This would allow Legacy to build two residences on each acre of land. The Department recommended approval of Legacy's application, as did the Fulton County Community Development Board. However, on May 7, 2003, the Fulton County Board of Commissioners denied the rezoning application. On June 3, 2003, Legacy filed this action in Fulton Superior Court, and on January 24, 2004, Legacy purchased the property from Emmanuel Ministries.

Legacy and Fulton County subsequently filed cross-motions for summary judgment. Legacy presented the testimony of two experts. Robert Hughes, a land planner, testified at a deposition that Legacy's plan represents the appropriate use of the property, and is consistent with surrounding uses and with the county's development plan. Legacy's other expert, Frederic Minnich, is a licensed real estate appraiser and broker. He testified that the subject property would be worth $15,000 to $16,000 if rezoned to permit two units per acre; that the property is worth $7,500 per acre as presently zoned; and that the $7,500 value is comparable to similarly situated properties. Minnich also testified that Legacy purchased the property for $5,000 more per acre than Minnich's appraisal because "the seller knew that it was going to be rezoned and based the price on that" and because "Legacy thought it was going to be rezoned and based their ability to buy it on that."

Two experts also testified for the appellees. Fred Fisher, an engineer, testified that Legacy's property can be developed for residential uses under existing zoning with a maximum of 34 residential lots, and that the costs that Legacy would incur to install the necessary infrastructure to develop the lots would be $27,658 per lot. Fulton's County's appraiser, Dennis Carr, testified that, due to the cost of developing the 34 lots, Legacy would have had to purchase the property for $5,838 per acre in order to be able to profitably develop the property. Carr also testified that undeveloped lots similarly

situated to Legacy's property had a value of $5,000 to $9,000 per acre, with most lots falling within the $5,000 to $8,000 range.

The trial court concluded that Legacy had not shown either that it would suffer a significant detriment under the existing zoning or that the present zoning is insubstantially related to the public health, safety, morality and welfare. The court thus granted summary judgment to the appellees.

1. To prevail at summary judgment, Fulton County, as the moving party, had the burden to "demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law."[1] In reviewing the trial court's grant of summary judgment to Fulton County, we must construe the evidence most favorably to Legacy,[2] and we must give Legacy the "benefit of all reasonable doubts and possible inferences."[3] And, where, as here, the moving party (Fulton County) is the defendant, it "need only show an absence of evidence to support an essential element" of Legacy's case to prevail on summary judgment.[4]

As the previous sentence demonstrates, to determine whether the trial court properly granted summary judgment to Fulton County on Legacy's claim that the existing zoning of its property is unconstitutional, we must review what burden Legacy had with regard to its claim. In this regard, for Legacy to prevail on its claim that the existing zoning is unconstitutional, it had "the burden to show by clear and convincing evidence that the existing zoning (1) causes [it] a significant detriment, and (2) is not substantially related to the public health, safety, morality, and welfare."[5]

2. We first review the trial court's ruling that Fulton County was entitled to summary judgment because Legacy failed to prove that the existing zoning caused it a significant detriment.

Viewing the evidence in the light most favorable to Legacy, there is testimony from Legacy's expert that the property would be worth more if rezoned. This Court, however, has held that such evidence is insufficient to prove a significant detriment, since a more intense use of the land due to a rezoning will inevitably increase the value of the land.[6]

---

[1] *Latson v. Boaz*, 278 Ga. 113 (598 SE2d 485) (2004).

[2] Id.

[3] *Smith v. Ga. Kaolin Co.*, 264 Ga. 755, 756-757 (449 SE2d 85) (1994).

[4] *Latson*, 278 Ga. 113.

[5] *Town of Tyrone v. Tyrone, LLC*, 275 Ga. 383, 385 (565 SE2d 806) (2002).

[6] Id.; *DeKalb County v. Chamblee Dunwoody Hotel Partnership*, 248 Ga. 186, 190 (281 SE2d 525) (1981).

Legacy contends that it proved a significant detriment, or there is at least a factual issue regarding significant detriment, due to its purchase of the undeveloped lots for $12,195 per acre and due to evidence that it would have had to purchase the property for $5,838 per acre in order for a development of the property to have economic viability. Fulton County, on the other hand, contends that Legacy may not rely on the $12,195 per acre purchase price to prove significant detriment, since other evidence showed that Legacy's property had a fair market value of less than its purchase price. The county contends that a developer should not be able to purchase land at a greater-than-market cost and then use that cost to prove a significant detriment. There is authority for the county's position, as it has been held that, if a developer pays a premium for property, the purchase price alone may make the finding of a significant detriment "a self-fulfilling prophecy."[7] We conclude, however, that we need not resolve whether Legacy paid a premium price for its property,[8] as, even if we consider only the evidence of Legacy's and the county's experts regarding the property's fair market value, there is an issue of fact regarding whether Legacy has suffered a significant detriment.

In this regard, Legacy's expert testified that Legacy's property was worth about $7,500 per acre, and one of the county's experts testified that properties similarly situated to Legacy's were worth between $5,000 to $9,000 per acre. Giving Legacy the benefit of all favorable inferences as the party opposing the grant of summary judgment, the evidence authorizes the inferences that Legacy, even if it did not pay a premium for the property, would have had to pay as much as $9,000 per acre for the property, and that the property could only be feasibly developed if Legacy had purchased the property for $5,838. Thus, the evidence authorizes an inference that Legacy could not feasibly develop the property for residential use. Moreover, one of Legacy's experts testified that the property had no value for any agricultural use, and only had economic value for residential uses. Accordingly, construing the facts and inferences most favorably to Legacy, we conclude that a factual issue exists regarding whether there is a viable economic use of the property under the current

---

[7] See *Northern Westchester Professional Park Assoc. v. Town of Bedford*, 458 NE2d 809, 815-816 (N.Y. 1983). Accord 1 Rathkopf, The Law of Zoning and Planning, § 6:28, pp. 68-72; § 6:33, pp. 93-94.

[8] In this regard, one of Legacy's managing members testified that he purchased the property in an arms-length transaction and obtained the best price possible. On summary judgment, construing the evidence most favorably to Legacy, this evidence may create an issue of fact that Legacy did not pay a premium for its property. See OCGA § 48-5-2 (3) (" 'Fair market value of property' means the amount a knowledgeable buyer would pay for the property and a willing seller would accept for the property at an arm's length, bona fide sale.").

zoning and thus that a factual issue exists regarding whether the existing zoning is significantly detrimental to Legacy.[9]

For the foregoing reasons, the trial court erred in granting summary judgment to Fulton County on the ground that Legacy had not proven a significant detriment.

3. Turning to the question whether Legacy showed that the existing zoning is not substantially related to the public welfare, the trial court first stated that it did not "reach this point due to the previous analysis" on significant detriment. The court, however, then stated, without analysis, that Legacy had failed to carry its burden on this point. However, construing the evidence and inferences most favorably to Legacy, our review of the record shows that an issue of fact remains on this issue.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 24, 2005.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellant.

*Overtis H. Brantley, Steven E. Rosenberg, Valerie A. Ross*, for appellees.

---

[9] See *Henry County v. Tim Jones Properties*, 273 Ga. 190, 193 (539 SE2d 167) (2000); *Rea v. City of Cordele*, 255 Ga. 392, 393 (339 SE2d 223) (1986) (Evidence that property cannot feasibly be developed under its existing zoning supports finding that existing zoning imposes a significant detriment on the owner.).